**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| 1) BRANDON AVERY,<br><br>　　Plaintiff,<br><br>v.<br><br>1) KIMBERLY LOCKLIN and<br>2) EXCEPTIONAL COMMUNITY<br>　　SERVICES, INC.,<br><br>　　Defendants. | CIVIL ACTION NO.<br>　_____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

COMES NOW Plaintiff Brandon Avery, by and through the undersigned counsel, and files this Complaint against Defendants, and shows the following:

**NATURE OF ACTION**

1.

Plaintiff brings this Action in order to seek relief for violations of the Fair Labor Standards Act (as amended), 29 U.S.C. §§ 201 *et seq.*

**JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1331 because they arise under Federal law.

1

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and M.D. Ga. L.R. 3.4 because a substantial part of the acts and omissions giving rise to Plaintiff's cause of action occurred within this District and within the divisional boundaries of the Athens Division of the Middle District of Georgia, and because one or more of the parties reside herein and are subject to the jurisdiction of this Court.

## **PARTIES**

4.

Plaintiff is a U.S. Citizen and a resident of the State of Georgia.

5.

Defendant Exceptional Community Services, Inc. ("ECSI") is a Domestic Non-profit Corporation incorporated in the State of Georgia and licensed to do business in the State of Georgia. Service on ECSI may be perfected on its Registered Agent—Kimberly Locklin—at 304 East Church St., Monroe, Walton County, GA 30655.

6.

Defendant Kimberly Locklin (a/k/a Kimberly Giles, a/k/a Kimberly Giles-Locklin) ("Locklin") is the sole owner, CEO, CFO, Secretary, and Registered Agent of ECSI. Locklin has operational control over every aspect of ECSI's business, and

she has ultimate authority over all staffing, payroll, leave, hiring, discipline, and firing decisions at ECSI.

## FACTS

7.

ECSI is an institution primarily engaged in the care of the aged and disabled who reside on premises owned and/or managed by ECSI. ECSI owns and/or manages several group homes throughout Georgia, including in Gwinnett County, Richmond County, and Walton County. Elderly and disabled individuals reside in these homes on both a permanent ("residential") and temporary ("daycare") basis, and ECSI's employees provide care for these individuals.

8.

ECSI's "daycare" program hours spanned from 9 a.m. to 2 p.m., and its "residential" hours spanned from 3 p.m. to 7 a.m. During the three-hour period between shifts (i.e., 2-3 p.m. and 7-9 a.m.), employees performed various duties such as preparing meals, preparing medications for residents, assisting with showers, "babysitting" residents, etc.

9.

Though ECSI is designated as a "Domestic Non-profit Corporation," ECSI's activities in caring and providing housing for  elderly and disabled individuals are activities performed for a business purpose. ECSI charges these individuals, their

family members, and/or their insurance providers (including Medicaid) a fee to reside and receive care at its group homes. ECSI's and Locklin's purpose in conducting these activities is to generate a profit, and ECSI and Locklin do in fact generate a profit from these activities.

10.

At all times relevant to this Complaint, ECSI has engaged in caring and providing housing for elderly and disabled individuals for the purpose of generating a profit.

11.

At all times relevant to this Complaint, ECSI had at least $500,000.00 in annual gross volume of sales made or business done.

12.

Plaintiff worked for ECSI from 2014 to mid-January of 2020.

13.

Plaintiff primarily worked at ECSI's "daycare center" located at 304 East Church St., Monroe, GA 30655, and at its residential "group home" located at 1636 Brook Lane, Monroe, GA 30655.

14.

Plaintiff worked in the job title of Direct Support Personnel ("DSP") throughout the duration of his employment at ECSI. The DSP position was a non-

managerial, non-salaried position. Plaintiff was classified as a W-2 employee throughout the duration of his employment at ECSI.

15.

As a DSP, Plaintiff performed general "babysitting" duties. Amongst other duties, he ensured that the residents received their medications on time, prepared meals for the residents, ensured that the residents felt "balanced" and "loved," and ensured that the residents didn't hurt themselves or others. Plaintiff also performed "crisis intervention" on an "on call" basis at several other ECSI locations.

16.

Throughout the Relevant Time Period (i.e., June 9, 2017 to mid-January 2020), Plaintiff was paid a flat rate of $110.00 when he worked a "residential" shift (from 3 p.m. to 7 a.m.), and $10.00 per hour when he worked a "daycare" shift (9 a.m. to 2 p.m.). Plaintiff was paid nothing for the time he worked between shifts (i.e., 2-3 p.m. and 7-9 a.m.).

17.

Plaintiff was involved in a serious accident on November 29, 2017, and took medical leave from on or around November 30, 2017 to in or around the beginning of July 2019. At all other times during the Relevant Time Period (i.e., from June 9, 2017 through and including November 29, 2017, and from in or around early July

2019 to in or around mid-January 2020), Plaintiff estimates that he worked an average of 100 hours per week.

18.

There were several weeks where Plaintiff worked the "residential" shift, the "daycare" shift, and the three-hour period between shifts every day, seven days per week.

19.

Throughout the duration of Plaintiff's employment at ECSI, Plaintiff was never paid overtime for any hours worked over 40 in any workweek.

## COUNT ONE
## FAILURE TO PAY OVERTIME UNDER THE FLSA
(Against all Defendants)

20.

Plaintiff incorporates Paragraphs 4-19 of this Complaint into this Count by reference.

21.

The FLSA states that

[N]o employer shall employ any   of   his employees who   in   any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

22.

Locklin and ECSI are "persons" within the meaning of the FLSA. <u>See</u> 29 U.S.C. § 203(a).

23.

At all times relevant to this Complaint, Locklin and ECSI were Plaintiff's "employer" within the meaning of the FLSA. <u>See</u> 29 U.S.C. § 203(d).

24.

At all times relevant to this Complaint, Locklin and ECSI "employed" Plaintiff within the meaning of the FLSA. <u>See</u> 29 U.S.C. § 203(g).

25.

At all times relevant to this Complaint, Plaintiff was Locklin's and ECSI's "employee" within the meaning of the FLSA. <u>See</u> 29 U.S.C. § 203(e)(1).

26.

At all times relevant to this Complaint, ECSI and Locklin engaged in ordinary commercial activities, performed for a business purpose, that resulted in sales made or business done.

27.

At all times relevant to this Complaint, the activities of ECSI and Locklin constituted an "enterprise" under the FLSA. <u>See</u> 29 U.S.C. § 203(r)(1), (r)(2)(A).

7

28.

At all times relevant to this Complaint, ECSI was an "enterprise engaged in commerce or in the production of goods for commerce" under the FLSA. See 29 U.S.C. § 203(s)(1)(B).

29.

At all times relevant to this Complaint, Plaintiff regularly and consistently worked more than forty hours per week, yet Plaintiff was never paid the overtime premium for any of his overtime hours.

30.

Locklin and ECSI willfully violated the FLSA with respect to their failure to pay Plaintiff overtime. Locklin and ECSI knew or should have known that ECSI's business constituted an "enterprise engaged in commerce or in the production of goods for commerce" under the FLSA, that ECSI was subject to the FLSA's overtime pay requirements, that Plaintiff was a non-exempt employee, and that Plaintiff regularly and consistently worked more than forty hours per week. Nevertheless, Locklin and ECSI persisted in violating the FLSA by failing to pay Plaintiff overtime. Thus, Locklin and ECSI are subject to a three-year statute of limitations.

31.

Plaintiff is entitled to recover his actual lost wages, liquidated damages in an amount equivalent to his actual lost wages, and his attorneys' fees and costs.

32.

Plaintiff estimates that he worked 100 hours per week on average. Of those hours, Plaintiff estimates that, on average, he worked 66.7 hours during the 16-hour "residential" shift (for which he was paid a flat rate of $110.00), 20.8 hours during the five-hour "daycare" shift (for which he was paid $10 per hour), and 12.5 hours during the three-hour period between shifts (i.e., 2-3 p.m. and 7-9 a.m.).

33.

Based on the above estimate, Plaintiff estimates that his average hourly rate was $6.67, which was calculated as follows: (($110.00/16hrs) x .667) + ($10.00/hr x .208) + ($0.00/hr x .125) = $6.67.

34.

Since the above hourly rate is below the Federal minimum wage rate, the Federal minimum wage rate of $7.25 must be used. Using this rate, the overtime premium is $3.625.

35.

Plaintiff estimates that he is owed **$11,745.00** in actual unpaid overtime. This amount was calculated as follows: $3.625 [OT premium] x 60 [OT hrs per week] x 54 [weeks[1]] = $11,745.00.

36.

Plaintiff reserves the right to modify this estimate based on the evidence he obtains in discovery.

**COUNT TWO**
**FAILURE TO PAY MINIMUM WAGES UNDER THE FLSA**
(Against all Defendants)

37.

Plaintiff incorporates Paragraphs 4-19, 22-28, and 32-33 of this Complaint into this Count by reference.

38.

The FLSA states that

Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at [$7.25 an hour.]

29 U.S.C. § 206(a)(1)(C).

39.

---

[1] June 9, 2017 through and including November 29, 2017, and July 1, 2019 through and including January 18, 2020.

Plaintiff estimates that his average hourly rate during the Relevant Time Period was $6.67.

40.

Plaintiff was shorted by $0.58 on average for each hour worked.

41.

Locklin and ECSI willfully violated the FLSA with respect to their failure to pay Plaintiff at least the Federal minimum wage. Locklin and ECSI knew or should have known that ECSI's business constituted an "enterprise engaged in commerce or in the production of goods for commerce" under the FLSA, that ECSI was subject to the FLSA's minimum wage requirements, that Plaintiff was a non-exempt employee, and that Plaintiff was paid less than the Federal minimum wage. Nevertheless, Locklin and ECSI persisted in violating the FLSA by failing to pay Plaintiff at least the Federal minimum wage. Thus, Locklin and ECSI are subject to a three-year statute of limitations.

42.

Plaintiff is entitled to recover his actual lost wages, liquidated damages in an amount equivalent to his actual lost wages, and his attorneys' fees and costs.

43.

Plaintiff estimates that he is owed **$3,132.00** in actual unpaid minimum wages. This amount was calculated as follows: $0.58 [min wage differential] x 100 [hrs per week] x 54 [weeks[2]] = $3,132.00.

44.

Plaintiff reserves the right to modify this estimate based on the evidence he obtains in discovery.

<b><u>DEMAND FOR JURY TRIAL</u></b>

45.

Plaintiff demands a trial by jury.

<b><u>PRAYER FOR RELIEF</u></b>

**WHEREFORE, Plaintiff respectfully prays for relief as follows**:

(1) For a trial by jury;

(2) For actual unpaid overtime damages in the amount of $11,745.00.;

(3) For an equivalent amount in liquidated damages;

(4) For actual unpaid minimum wage damages in the amount of $3,132.00.;

(5) For an equivalent amount in liquidated damages; and

(6) For such other and further relief as this honorable Court deems just and proper.

---

[2] June 9, 2017 through and including November 29, 2017, and July 1, 2019 through and including January 18, 2020.

12

Respectfully submitted this 9th day of June, 2020.

SMITH LAW, LLC

*/s/ William J. Smith*
William J. Smith
Georgia Bar No. 710280
william@smithlaw-llc.com
Louise N. Smith
Georgia Bar No. 131876
louise@smithlaw-llc.com
*Attorneys for Plaintiff*

3611 Braselton Highway
Suite 202
Dacula, GA 30019
T: (678) 889-5191 (Office)
F: (844) 828-5615

## FONT AND POINT CERTIFICATION

The undersigned counsel for Plaintiff hereby certifies that the within and foregoing pleading was prepared using Times New Roman, 14-point font.

This the 9th day of June, 2020.

*/s/ William J. Smith*
William J. Smith
Georgia Bar No. 710280

## CERTIFICATE OF SERVICE

I hereby certify that I have caused or will cause service to issue upon Defendants to this Action pursuant to Fed. R. Civ. P. 4.

This the 9th day of June, 2020.

_/s/ William J. Smith_
William J. Smith
Georgia Bar No. 710280